[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14295
Non-Argument Calendar
_____

Agency No. A097-919-531



JAIRO ENRIQUE HERNANDEZ GOMEZ,
MABEL ALEXANDRA PABON GOMEZ,
ZAIRA CAROLINA PABON GOMEZ,

                                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 29, 2014)


Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jairo Hernandez Gomez, on behalf of his wife, Mabel Pabon Gomez, and their daughter, Zaira Pabon Gomez, all natives and citizens of Colombia, seeks review of the Board of Immigration Appeals ("BIA") final order affirming an Immigration Judge's ("IJ") denial of their applications for asylum under Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a); withholding of removal, INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). Mabel Pabon Gomez, on behalf of Zaira Pabon Gomez, filed a separate application for relief from Hernandez Gomez's, but relied on the same evidence in support.

Hernandez Gomez and his family arrived in the United States in 2000 but did not apply for asylum until 2003.   In support of their applications, Hernandez Gomez, who was a doctor in Colombia, asserted that on three occasions in 1997, guerillas of the Revolutionary Armed Forces of Colombia ("FARC") or paramilitaries of the United Self-Defense Forces of Colombia ("AUC"), detained him and forced him to provide medical care to their members.   Each detention allegedly occurred while he was participating in a "health brigade," a program that provided medical care to rural communities.   He further alleged that once the

2

FARC learned of his assistance to the AUC, its members began threatening him and his family, demanding that he continue to provide medical assistance to them exclusively.  In this respect, he claimed that guerrillas kidnapped a five-year old girl, believing her to be his daughter, and that guerrillas murdered his brother.

The BIA denied the asylum applications as time-barred and declined to review the CAT claims as unchallenged.  Moreover, the BIA denied Hernandez Gomez's and Pabon Gomez's requests for withholding of removal on the grounds that Hernandez Gomez (i) was not credible and (ii) failed to provide sufficient corroborative evidence to support his allegations of persecution.

Hernandez Gomez challenges the denial in two respects.  First, he contends that the IJ and BIA erred in determining that he was not credible and failed to present sufficient corroborative evidence.  Second, he asserts, for the first time in the present petition for review, that the IJ and BIA deprived him of a full and fair hearing, in violation of due process, and that his former attorney rendered ineffective assistance.  The government, in turn, argues that we lack jurisdiction to review claims concerning the asylum applications because they were denied as time-barred and that we lack jurisdiction to review the CAT claims because they

are unexhausted.[1]  For ease of reference, we will address the jurisdictional and
substantive points in turn.

## I.

We review our subject-matter jurisdiction *de novo*.  *Sanchez Jiminez v. U.S.
Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007).   Issues not briefed on appeal are
deemed abandoned, and we will not review them.  *Timson v. Sampson*, 518 F.3d
870, 874 (11th Cir. 2008).

Where an alien initially applied for asylum or withholding of removal before
11 May 2005, the REAL ID Act of 2005 (which amended the INA regarding
applications for asylum and withholding of removal) does not apply.   INA
§§ 208(b)(1)(B)(iii), 240(c)(4)(C); 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C);
*Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1049 n.7 (11th Cir. 2009).

An alien seeking asylum must file his application within one year of his
arrival in the United States or show that changed circumstances warrant
consideration of an untimely application.  INA § 208(a)(1)(B), (a)(2)(D), 8 U.S.C.
§ 1158(a)(1)(B), (a)(2)(D).  Moreover, the INA precludes judicial review of an

---

[1] As noted more fully later, we have also considered, but reject, the government's
additional contention that we lack jurisdiction to review Hernandez Gomez's withholding-of-
removal claim due to lack of exhaustion.

agency determination regarding the timeliness of an asylum application, including a determination that an application failed to show changed or extraordinary circumstances.  INA § 208(a)(3), 8 U.S.C. § 1158(a)(3); *see, e.g.*, *Sanchez Jiminez*, 492 F.3d at 1231 (discussing jurisdiction-stripping provision in pre-REAL ID Act).

Exhaustion of administrative remedies prior to judicial review is a jurisdictional requirement under the INA.  INA § 282(d)(1); 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  Thus, we may not consider a petitioner's claim that was not presented to the BIA. *Amaya-Artunduaga*, 463 F.3d at 1250.

The exhaustion requirement applies to due process claims.  *See Sundar v. INS*, 328 F.3d 1320, 1325-26 (11th Cir. 2003) ("A petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the [BIA] merely by alleging that every such error violates due process.").  We have also indicated that exhaustion applies to ineffective-assistance-of-counsel claims. *Cf. Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1229 n.3 (11th Cir. 2008) (rejecting, in the context of a motion to reopen, the government's assertion that petitioner's ineffective-assistance-of-counsel claim was unexhausted, explaining that the petitioners had "always argued" the core issue of ineffective assistance of counsel and, thus, were not raising it for the first time on appeal).   Upon review of

5

the record and consideration of the parties' briefs, we dismiss the petition in part and deny the petition in part.

We lack jurisdiction to review Hernandez Gomez's claims on the denial of asylum and CAT relief, as well as his claim asserting a due process violation and ineffective assistance of counsel. First, we lack jurisdiction to review the BIA's time-bar denial of Hernandez Gomez's and Pabon Gomez's asylum applications because the INA precludes judicial review of such timeliness determinations. *See* INA § 208(a)(3), 8 U.S.C. § 1158(a)(3); *Sanchez Jiminez*, 492 F.3d at 1231. As a result, Hernandez Gomez's claims on the merits of the asylum denials are moot. Next, we lack jurisdiction to review Hernandez Gomez's challenge to the denial of CAT relief because he failed to raise the claim before the BIA. *See Amaya-Artunduaga*, 463 F.3d at 1250. We also lack jurisdiction to review Hernandez Gomez's final claim, whether interpreted as a due process claim or an ineffective-assistance-of-counsel claim, because he raises it for the first time in the present petition for review; thus, it is unexhausted. *See Sundar*, 328 F.3d at 1325-26; *cf. Montano Cisneros*, 514 F.3d at 1229 n.3.

We may however, review the sole remaining claim: the review of withholding of removal; Hernandez Gomez adequately raised the claim before the BIA.

II.

We review the decision of both the BIA and IJ to the extent that the BIA expressly adopted an IJ's decision. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947-48 (11th Cir. 2010). Because here the BIA explicitly agreed with several findings of the IJ, we review both decisions for those issues. *See id.* We review factual determinations, which include credibility determinations, under the substantial-evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006).

"[U]nder the substantial-evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id*. at 1255. We must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1254-55. "[T]hat the record may support a contrary conclusion is not enough to justify a reversal of the [agency's] findings." *Id*. at 1255. We must affirm the agency's decision, unless no reasonable basis supports its decision. *Id.*

An "IJ must offer specific, cogent reasons for an adverse credibility finding." *Id.* Thus, if an IJ makes an adverse-credibility finding, the applicant -- to obtain reversal of the finding -- must show that the finding "was not supported by 'specific' cogent reasons, or was not based on substantial evidence." *Forgue v. U.S. Att'y Gen*., 401 F.3d 1282, 1287 (11th Cir. 2005). We have previously

7

affirmed a pre-REAL ID Act adverse credibility determination that was based on the agency's finding that the alien's testimony conflicted with prior answers given in an affidavit, interrogatories, and other evidence. *See Dailide v. U.S. Att'y Gen.*, 387 F.3d 1335, 1343 (11th Cir. 2004).

For withholding of removal, an alien's testimony, if credible, may be sufficient to sustain his burden of proof, without corroborating evidence. *Forgue*, 401 F.3d at 1287. "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." *Yang v. U.S. At'ty Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). Even if an IJ finds an alien to be not credible, the IJ must still consider other evidence produced by the applicant in support of his claim. *Forgue*, 401 F.3d at 1287. Nevertheless, an IJ is not required to address specifically every piece of evidence as long as the IJ gave "reasoned consideration" to the claims and made adequate findings. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).

Here, substantial evidence supports the BIA's denial of withholding of removal based on the findings that Hernandez Gomez (i) was not credible and (ii) failed to support otherwise his allegations of mistreatment and threats with sufficient corroborative evidence.

First, substantial evidence supports the agency's adverse credibility determination; and Hernandez Gomez cannot show that the record compels a

contrary conclusion.  The IJ presented specific, cogent reasons for the credibility determination -- namely, the internal inconsistencies in Hernandez Gomez's account of his interaction with the groups in Colombia.  The IJ and BIA noted discrepancies in his account about (i) whether he was kidnapped alone or with others, (ii) the length of his various detentions, (iii) whether he reported the detentions to the police, and (iv) whether he communicated over the phone or in person with the guerrilla who threatened to kidnap his daughter.  The record confirms these discrepancies and contains no other evidence explaining or refuting them.  This basis is sufficient under the substantial-evidence standard.  *See Dailide*, 387 F.3d at 1343.  Because the noted inconsistencies relate directly to the bases of Hernandez Gomez's withholding of removal claim -- the 1997 detentions and the threats against his family -- they support an adverse-credibility finding. [2]

Next, the valid adverse-credibility determination required Hernandez Gomez to support his allegations underlying his withholding-of-removal claim with additional corroborating evidence.  *See Yang*, 418 F.3d at 1201.  The BIA concluded that he failed to do so; and substantial evidence supports that conclusion.

---

[2] Although we have not addressed in a published opinion whether adverse credibility determinations in pre-REAL ID Act cases must be based on inconsistencies that go to the heart of the claim, *Shkambi*, 584 F.3d at 1049 n.7, we need not do so presently given that the noted inconsistencies satisfy this standard.

Here, the IJ and BIA reviewed the evidence in the record, including a statement from Hernandez Gomez's father, a letter from a district attorney in Colombia confirming the death of Hernandez Gomez's brother, and Pabon Gomez's testimony. The BIA correctly rejected the statement from Hernandez Gomez's father because it was not based on a first-hand account, but rather, stemmed from Hernandez Gomez's own, discredited assertions. Considering the district attorney's letter was silent on the identity of any suspects in the death of Hernandez Gomez's brother, it provided no support for the assertion that the FARC killed the brother in retaliation against Hernandez Gomez. Moreover, the record contains no evidence connecting the kidnapping of the 5-year old girl by the FARC to Hernandez Gomez or to his daughter in any way: the kidnapping was one of his chief allegations in support of his withholding of removal claim. In addition, because Pabon Gomez's testimony just described vague threats in two undated calls from an unidentified caller, it similarly failed to corroborate Hernandez Gomez's material claims. The record omissions noted by the BIA were significant. For example, the record is devoid of evidence that showed Hernandez Gomez, in fact, participated in the health brigades: the alleged triggering cause of the detentions and threats. Without evidence that he actually participated in the health brigades, the background materials he submitted on kidnappings of health brigade personnel, or various killings by guerrillas, are of little value.

10

Although the BIA did not expressly reference each item of evidence, any omission in this respect was harmless because the BIA's assessment reflects a reasoned consideration of the record; and nothing in the record compels the reversal of its conclusions.  In the light of the lack of first-hand-knowledge evidence and the marginal relevance of the evidence in the record, and the significant record omissions, substantial evidence supports the BIA's decision that Hernandez Gomez failed to provide adequate corroborating evidence to support his claim for withholding of removal.[3]

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[3] Although Hernandez Gomez also challenges an alternative merits findings by the IJ concerning past persecution, we need not address the challenge because substantial evidence supports the fundamental grounds for the denial, the adverse-credibility and lack-of corroborative-evidence findings about the operative facts.